# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 615-061 |
| JAN HAGGINS and TENDAI HAGGINS, | * * * | |
| Defendants. | * | |

## O R D E R

This matter comes before the Court on Plaintiff Carrington Mortgage Services, LLC's ("Carrington") Motion to Remand to State Court. (Doc. 5.) On June 5, 2015, Defendants removed this action from the Magistrate Court of Bulloch County, Georgia, alleging that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1342, and 1357. (Doc. 1, ¶ 2.) Specifically, Defendants contend that "a Federal question of law appears on the face of the Plaintiff's complaint and jurisdiction is proper." (Id.) Finally, Defendants argue that the Court "has supplemental and pendant Jurisdiction over all state law claims asserted in Defendants' complaint pursuant to 28 U.S.C. 1367 and 1441." (Id.) Upon review, Plaintiff's Motion for Remand (doc. 5) is hereby **GRANTED**.[1]

---

[1] Defendants have not responded to the motion to remand. Under Local Rule 7.5, "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." LR 7.5, SDGa. For that reason alone, Plaintiff's motion is due to be granted. Even so, and recognizing Defendants' *pro se* status, the Court reviews the merits of the motion to remand.

## I. Background

On April 21, 2015, Carrington filed an action in Bulloch County Magistrate Court, seeking possession of property located at 1298 Banks Dairy Road, Portal, Georgia. (Doc. 1-2.) Carrington represents that the Magistrate Court hearing went forward as scheduled, seemingly without notice of Defendants' removal, and entered judgment in favor of Carrington. (Doc. 6 at 2.) A writ of possession was due to be issued on June 15, 2015.[2] (Id.)

In Defendants' notice of removal, they present a host of counterclaims against Carrington, alleging illegal foreclosure sale, illegal dispossessory, violation of the Fair Debt Collection Practice Act, and "violation of unfair and deceptive practice." (Doc. 1.) Moreover, Defendants seek "to enjoin [Carrington] from conducting and enforcing an illegal dispossessory of possession with respect to property located at 1298 Banks Dairy Road, Portal, Georgia . . . and to set aside the illegal foreclosure sale and to suspend payments into the registry of State Court of Bulloch County and for damages based upon wrongful foreclosure . . . ." (Id. ¶¶ 6-8.)

---

[2] On March 23, 2015, Defendants filed a complaint in the Superior Court of Bulloch County alleging improper foreclosure and violations of the real estate mortgage investment conduit, which Carrington and others removed to this Court. (Haggins et al. v. Carrington Mortgage Servs., LLC, et al., No. 6:15-cv-039, Doc. 1.) On June 17, 2015, the Haggins' complaint was dismissed with prejudice based on their failure to respond to a motion to dismiss. (Doc. 9.)

## II. DISCUSSION

Any civil action originally filed in state court of which the federal district courts have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441(a). As the removing party, Defendants have the burden to prove the existence of federal jurisdiction. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). A federal court should strictly construe removal statutes and resolve any doubts regarding the existence of federal jurisdiction in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). As noted above, Defendants rely on 28 U.S.C. §§ 1331, 1332, 1342, and 1357 to support removal. The Court addresses each section in turn.

### A. Diversity Jurisdiction — 28 U.S.C. § 1332

Federal courts may exercise jurisdiction where there is diversity of citizenship and the amount in controversy exceeds $75,000. Diversity jurisdiction is not present in this case. First,

> as a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right of possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864, 1:07-cv-2865, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008). Without any other indication of the amount in controversy, Defendants have not met their burden of showing the requisite amount in controversy is met. See Conference Am., Inc. v. Q.E.D. Int'l, Inc., 50 F.

Supp. 2d 1239, 1242 (M.D. Ala. 1999) (holding that the value of a counterclaim is not to be considered in assessing the amount in controversy).

Moreover, Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, and in their previous federal case, Defendants admit that they are citizens of Georgia for jurisdictional purposes. Therefore, as Defendants, their removal of this action to a federal court sitting in Georgia is improper. See Fed. Home Loan Mortg. Corp. v. Lipai, 1:11-cv-2386, 2011 WL 4436493, at *2 (N.D. Ga. Aug. 3, 2011) (finding that removal was improper because "Defendant has listed a Georgia address as her address for service, the same address as the premises that are the subject of the dispossessory action"), R&R adopted in 2011 WL 4443480 (N.D. Ga. Sept. 21, 2011).

B.  **Federal Question Jurisdiction — 28 U.S.C. § 1331**

Defendants contend that "a Federal question of law appears on the face of the Plaintiff's complaint . . . ." (Doc. 1, ¶ 2.) District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law "is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

4

pleaded complaint." Dunlap v. G&L Holding Grp. Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). If a complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial federal question of law, federal question jurisdiction exists. Franchise Tax Bd. v. Constr. Laborers Vacation Tax Bd., 463 U.S. 1, 27-28 (1983).

Looking to the face of Carrington's complaint, it is clear that no federal question exists. Driscoll v. Elamin, No. 1:14-cv-3461, 2015 WL 1802912, at *4 (N.D. Ga. Apr. 17, 2015) (holding that "no federal question is presented in a dispossessory proceeding"). And while Defendants assert a number of counterclaims with their notice of removal, some of which allege violations of the Fair Debt Collection Practice Act, "a counterclaim, which appears in a defendant's answer, and not part of the plaintiff's complaint, cannot support removal based upon federal question jurisdiction." Williams, 2008 WL 115096, at *1 (citing Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002)); see also U.S. Bank Nat'l Ass'n v. Williams, No. 1:13-cv-0284, 2013 WL 811751, at *2-3 (N.D. Ga. Jan. 30, 2013), R&R adopted in 2013 WL 811746 (N.D. Ga. Mar. 4, 2013). Therefore, federal question jurisdiction is similarly not present.

## C. Civil Rights and Elective Franchise — 28 U.S.C. § 1343

Without any indication as to its applicability, Defendants contend that jurisdiction is invoked pursuant to 28 U.S.C. § 1343.

5

Section 1343 provides that district courts have jurisdiction over civil actions brought

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Again, Carrington's action in Magistrate Court was simply for a writ of possession — a dispossessory action. Carrington asserts no civil rights violations in its complaint. And, as above, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 61 (2009).

**D. Injuries under Federal Laws — 28 U.S.C. § 1357**

Finally, Defendants seek to invoke federal jurisdiction based upon 28 U.S.C. § 1357. Under this section,

> district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State.

Carrington's dispossessory action does not involve Congressionally-authorized revenue collection, nor does it involve the right of citizens to vote.

### III. Conclusion

Based on the foregoing, the Court finds that Defendants have not met their burden of establishing federal jurisdiction under any of the four statutes presented. Accordingly, Carrington's Motion to Remand (doc. 5) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Magistrate Court of Bulloch County, Georgia. The Clerk is further directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 10th day of July, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA